UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-542-MOC-DSC

| REMI HOLDINGS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| WILLIAM THOMAS, NEATHAMER III, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss Defendant Thomas & Associates, LLC's counterclaim. (Doc. No. 14).

### I. BACKGROUND

Plaintiff Remi Holdings, LLC filed this action on September 18, 2019, against Defendants William Thomas Neathamer III, Brian Gibbs, Melissa Hughes, and Thomas & Associates, LLC.[1] Plaintiff alleges essentially that Defendants sold Plaintiff's services using another name and at a marked-up price, giving rise to claims sounding in breach of contract and tort. Defendant Thomas & Associates, LLC has alleged three counterclaims against Plaintiff: (1) breach of contract, (2) declaratory judgment, and (3) tortious interference with prospective economic advantage. Plaintiff now moves to dismiss the counterclaim for tortious interference with prospective economic advantage for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant has responded to the motion to dismiss, and the

---

[1] Plaintiff originally filed this action in state court, but Defendants subsequently removed this action based on diversity jurisdiction.

matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a party's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the nonmovant. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

## III. DISCUSSION

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time and hold the matter under consideration pending further development of the record and summary judgment motions.

## IV. CONCLUSION

Plaintiff's motion to dismiss Defendant's counterclaim is denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Dismiss, (Doc. No. 14), is **DENIED** at this time, pending further review after the parties conduct discovery.

Signed: February 11, 2020

Max O. Cogburn Jr
United States District Judge