IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:19-CV-542-MOC-DSC

| | |
|---|---|
| REMI HOLDINGS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM THOMAS NEATHAMER III individually, BRIAN GIBBS individually, MELISSA HUGHES individually, and THOIMAS AND ASSOCIATES LLC,<br><br>    Defendants.<br>_____<br><br>THOMAS AND ASSOCIATES LLC,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>REMI HOLDINGS LLC and<br>DANIEL SCHUSTER individually,<br><br>    Counter-Defendants. | **AMENDED<br>PROTECTIVE ORDER** |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests in this matter, and also shall apply to documents produced by third parties pursuant to subpoena (collectively "Responding Party"):

    1.    Counsel for any Responding Party may designate any document or information contained in a document, or all or part of a deposition transcript, as confidential if counsel determines, in good faith, that such designation is necessary to protect trade secrets, or other

confidential research, development, or commercial information of the Responding Party. Counsel for either of the parties may apply such confidential designation to any document or information produced by a third party, and a third party may also apply a confidential designation to any document produced by it, if it is determined, in good faith, that such designation is necessary to protect the interests of the third party. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL" (and is referred to herein as "Confidential Information").

2. Counsel for any Responding Party may designate any document or information contained in a document, or all or part of a deposition transcript, as attorneys' eyes only if counsel determines, in good faith, that: (1) such designation is necessary to protect trade secrets, or other confidential research, development, or commercially sensitive information of the Responding Party, which poses a threat to competitiveness in the marketplace and (2) disclosure to the parties to this lawsuit, as opposed to the counsel of record or expert witnesses, is not necessary for the parties to fully and appropriately pursue their respective legal positions in the lawsuit. Counsel for either of the parties may apply such attorneys' eyes only designation to any document or information produced by a third party, and a third party may also apply an attorneys' eyes only designation to any document produced by it, if it is determined, in good faith, and through review by an attorney of record, that such designation is necessary to protect the interests of the third party, including its competitiveness in the marketplace. Information and documents designated by a Responding Party as attorneys' eyes only will be labeled "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (and is referred to herein as "AEO Information").

3. Unless otherwise ordered by the Court, or otherwise provided for herein, any information produced in this litigation will be held and used by the entity receiving such information solely for use in connection with the above-captioned action.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparing for his/her testimony and may not retain the confidential information;

    e. witnesses identified on the parties' pre-trial witness lists provided that no witness shall be permitted to retain any Confidential Information; and

    f. The Court or the jury or as exhibits to motions, provided, however, the designating party shall be provided with twenty-four hours notice of such filing in order to have the opportunity to file a motion to seal.

5. Information or documents designated as "Attorneys' Eyes Only" shall not be disclosed to any person, except:

    a. The requesting party's counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel; and

      d. The Court or the jury, as exhibits to motions, at trial or a hearing, and under seal in accordance with LCvR 6.1.

6. In the event a party challenges a Responding Party's CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging party may thereafter seek resolution by the Court. The party seeking to maintain the confidentiality of any information designated as confidential shall bear the burden of establishing that is it entitled to be protected. In ruling on any motion related to Confidential Information and/or AEO Information, pursuant to Fed. R. Civ. P. 26(c)(3), the Court may make an award of expenses.

7. Nothing in this Protective Order constitutes an admission by any party that any information produced in this matter is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information and/or AEO Information disclosed, in accordance with applicable law.

8. It is the understanding of the parties that any documents that become part of an official judicial proceeding or are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents, except as provided in Paragraph No. 5.

9. At the conclusion of this litigation, the Confidential Information and/or AEO Information, and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the producing party or

4

certified as destroyed. Provided, however, that for purposes of Defendants' counsel complying with provisions of its professional liability policies, counsel for the Defendants may maintain Confidential Information and/or AEO Information in its files for seven years following the conclusion of this litigation. After the conclusion of the action, and before the seven-year period expires, Confidential Information and/or AEO Information may not be used or disclosed for any purpose other than to defend against a claim or cause of action asserted by Defendants against Defendants' counsel arising out of counsel's representation. If any document is to be disclosed or used for this purpose during this period, Defendants' counsel shall give notice to Plaintiff no later than seven days before any document is disclosed or used. Any person to whom any Confidential and/or AEO documents are disclosed during this period must, before receiving any Confidential Information and/or AEO Information, sign a joinder of the Protective Order, of a form acceptable to the party whose Confidential Information and/or AEO Information is to be disclosed, agreeing to only use the Confidential Information and/or AEO Information in a claim or dispute arising out of Defendants' counsel's representation of Defendants. Defendants' counsel shall be directly liable for all damages arising out of or related to any improper disclosure of Confidential Information and/or AEO Information during this period, whether the disclosure was by Defendants' counsel or a person who received the documents, directly or indirectly, from Defendants' counsel. If litigation is necessary during this period of time to enforce this ongoing obligation, the prevailing party shall be entitled to its attorney's fees and costs.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information and/or AEO

Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: February 19, 2021

David S. Cayer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:19-CV-542

| | |
|---|---|
| REMI HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM THOMAS NEATHAMER, III, individually, BRIAN GIBBS, individually, MELISSA HUGHES, individually, and THOIMAS AND ASSOCIATES, LLC,<br><br>    Defendants.<br>_____<br><br>THOMAS AND ASSOCIATES, LLC,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>REMI HOLDINGS, LLC, and DANIEL SCHUSTER, individually,<br><br>    Counter-Defendants. | **ACKNOWLEDGEMENT** |

      The undersigned acknowledges that he/she has been given access to certain documents or testimony covered by the Protective Order in this case, that he/she has read, understands, and agrees to be bound by the terms and conditions of the Protective Order, that he/she consents to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of enforcing this Protective Order, and that he/she has been designated as an Authorized

7

4835-1223-2668 v.1

Case 3:19-cv-00542-MOC-DSC  Document 59  Filed 02/19/21  Page 7 of 8

Person under the terms of this Protective Order. The undersigned further understands that the Protective Order prohibits him/her from disclosing or discussing the contents of any document or other material designated in accordance with the Protective Order to or with any person other than those individuals identified in the Protective Order. The undersigned further understands that his/her use of such documents or material is limited to those uses authorized by the Protective Order.

_____  _____
SIGNATURE                                                    PRINTED NAME

DATE:  _____